UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: ALVIN C. ATKINSON and SANDRA ATKINSON   CASE NO. 11-11174-DWH

ALVIN C. ATKINSON and SANDRA ATKINSON                                   PLAINTIFFS

VERSUS                                                                   ADV. PROC. NO. 11-01081-DWH

STATE OF MISSISSIPPI,
ACTING BY AND THROUGH THE
MISSISSIPPI STATE TAX COMMISSION                                           DEFENDANT

OPINION

On consideration before the court is a motion for summary judgment filed by the Mississippi Department of Revenue, f/k/a Mississippi State Tax Commission, ("MDR"); a response to said motion having been filed by the plaintiffs, Alvin C. Atkinson and Sandra Atkinson, ("debtors"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

II.

The debtors filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code on April 7, 2011. MDR was listed on Schedule F as an unsecured creditor having a claim in the amount of $50,797.00. Prior to the filing of the debtors' bankruptcy petition, MDR enrolled two liens on the judgment roll in the Office of the Circuit Clerk of Panola County, Mississippi. The

liens related to the debtors' 2006 income tax liability as follows: lien number 51789314 was enrolled on July 24, 2009, against Alvin C. Atkinson in the amount of $46,644.66; and lien number 51789316 was enrolled on February 25, 2010, against Sandra H. Atkinson in the amount of $49,793.00. The debtors' outstanding liability as of the petition date, according to MDR, was $57,126.00, including interest at 12% per annum.

The debtors filed a complaint to determine the dischargeability of their 2006 income tax liability asserting that the debt is dischargeable because the applicable tax return was due more than three years before the date of the filing of the debtors' bankruptcy petition. Additionally, they seek to have the two MDR tax liens satisfied and cancelled on the judgment roll.

III.

In its motion for summary judgment, MDR asserts that the 2006 taxes are non-dischargeable because the debtors failed to timely file their tax return. According to a certificate executed by J. Ed Morgan, the MDR Commissioner of Revenue who is the official custodian of all MDR records, the debtors' 2006 tax return was received by MDR on or about November 16, 2007. In an affidavit, Lisa Chism, the MDR Individual Income Tax Division Director, confirmed that MDR received the debtors' tax return on November 16, 2007. She also indicated that there was no record that a Form 80-180 Mississippi Application for Automatic Extension of Time ("Mississippi Form 80-180") was filed by the debtors, nor did the debtors remit payment for the outstanding taxes. MDR contends that in order to receive a filing extension, the debtors were required to remit the outstanding taxes on April 15, 2007, as well as, file a Mississippi Form 80-180. (Parenthetically, the court notes that, under certain circumstances, the requirement of remittance could be a virtual impossibility.)

2

To the contrary, the debtors argue that because of an extension granted by the Internal Revenue Service ("IRS"), their tax return was timely filed on October 15, 2007. In support of their position, the debtors submitted an affidavit executed by J. Gary Kornegay, who has been a certified public accountant for over thirty-five years and who has performed accounting services for the debtors for approximately thirty years. In his affidavit, Kornegay asserted the following:

1. The debtors signed and filed their tax return on October 15, 2007.

2. A Mississippi Form 80-180 was not filed with MDR because: (i) an extension was granted by the IRS; and (ii) the amount of the tax liability was not reasonably determinable on April 15, 2007.

3. It is normal practice and procedure, based on Kornegay's experience, to file only a Form 4868 with the IRS to receive an extension for filing federal and state tax returns.

4. In his practice, he has never had an extension granted by the IRS that was later denied by MDR.

5. He was never notified that an extension was not granted by MDR, nor was a failure to file penalty assessed by MDR.

In reply, MDR stated that an assessment of a failure to file penalty is not indicative of whether MDR has deemed the return timely filed. In support of this contention, MDR submitted an affidavit executed by Jan Craig, MDR's Associate Commissioner of Income and Property Taxes, who indicated that MDR assesses a failure to file penalty when a taxpayer fails to file a tax return. MDR also asserts that because the assessment of a penalty is discretionary, not mandatory under Mississippi law, the absence of the assessment of a failure to file penalty is

3

irrelevant in determining whether the debtors timely filed their 2006 Mississippi income tax return. Craig further indicated that MDR is not required to, nor does it, advise taxpayers whether an extension has been granted or denied.

IV.

The debtors' complaint also seeks to have MDR's tax liens marked satisfied and cancelled on the judgment roll of Panola County. In its motion for summary judgment, MDR contends, that even if the underlying debt is discharged, the debtors are not entitled to have the liens cancelled or satisfied since the liens should survive bankruptcy and remain attached to the debtors' pre-petition property. The debtors contend that the tax liability owed to MDR is a wholly unsecured claim because the IRS filed an earlier tax lien, which primes both MDR tax liens. In their answer to MDR's interrogatories, the debtors stated that there is no equity in any property to which the MDR liens can attach in order to remain a viable secured claim. Consequently, the debtors argue that MDR's tax liens are not secured liens and would become a nullity upon the discharge of the underlying tax debt.

V.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; Miss. Bankr. L.R. 7056-1. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The

moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

VI.

The court considers that the dischargeability of the debtors' 2006 tax liability is a threshold issue in determining MDR's motion for summary judgment. Consequently, if there is a genuine issue of material fact remaining in dispute relative to the dischargeability issue, there will be no need for the court to address the cancellation of MDR's tax liens at this time.

Primarily, MDR argues that it is entitled to summary judgment that the debtors' 2006 tax liability is non-dischargeable because of the provisions of § 523(a)(1)(B)[1] and § 523(a)(*)[2] of the

---

[1]Hereinafter, all Code citations will be considered as sections of Title 11 of the United States Code unless specifically designated otherwise.

[2]Section 523(a)(*) refers to the unnumbered paragraph following § 523(a)(19) of the United States Bankruptcy Code.

5

Bankruptcy Code. Section 523(a)(1)(B) provides as follows:

> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
> (1) for a tax or a customs duty-
> . . . .
>> (B) with respect to which a return, or equivalent report or notice, if required-
>>> (i) was not filed or given; or
>>> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition[.]

As a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective October 17, 2005, § 523(a) was amended to specifically add the following definition of "return" in the unnumbered paragraph following § 523(a)(19), referred to herein as 523(a)(*), to-wit:

> For the purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or a similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

This court has previously noted that because there is no provision under Mississippi law analogous to § 6020(a) of the Internal Revenue Code of 1986, the latter sentence in § 523(a)(*) only applies to federal income tax returns, not Mississippi state tax returns. *See Brown v. Miss. Dep't of Revenue (In re Brown)*, 2011 WL 2160615, at *4 (Bankr. N.D. Miss. 2011).

Mississippi law requires individuals to file their tax return by April 15th following the calendar year for which the taxes are due. Miss. Code Ann. § 27-7-41 (Rev. 2010). An

6

extension to that deadline may be granted pursuant to Miss. Code Ann. § 27-7-50 (Rev. 2010), which states:

> The commissioner may grant a reasonable extension of time beyond the statutory due date within which to file any return required by this chapter when it is shown to the satisfaction of the commissioner that good cause for such extension exists. <u>The commissioner may, in his discretion, automatically recognize extensions of time authorized and granted by the Internal Revenue Service for the filing of tax returns</u>. (emphasis supplied)

Applicable regulations promulgated by MDR, which pertain to an extension of time to file state:

> The Commissioner may grant a reasonable extension of time beyond the statutory due date to file any income or franchise tax return or annual report. The authorized extension of time to file does not extend the time for payment of the income or franchise tax due. Interest and penalty shall apply on any underpayment of tax. Taxpayers having a liability who request an extension of time must remit the tax due with the proper Mississippi Application for Extension on or before the due date of their return to receive an automatic extension of time to file their tax returns.

35 Miss. Admin. Code Pt. III, R. 1.11:100.

> If no tax liability exists on the due date of the return, the Commissioner will automatically recognize an extension of time authorized and granted by the Internal Revenue Service for the filing of annual income tax returns. Proof of the authorized extension must be maintained with the taxpayer's records. If proof cannot be presented upon request, extension may not be allowed.

35 Miss. Admin. Code Pt. III, R. 1.11:101.

### VII.

Pursuant to Mississippi law and the definition of "return" found in § 523(a)(*) of the Bankruptcy Code, a late filed Mississippi income tax return "can never qualify as a return for dischargeability purposes" because it fails to comply with "applicable non-bankruptcy law

7

(including applicable filing requirements.)" *See Creekmore v. Internal Revenue Serv.*, 401 B.R. 748, 751 (Bankr. N.D. Miss. 2008); *Weiland v. State of Miss. Dep't of Revenue (In re Weiland)*, 2011 WL 1815058, at *2 (Bankr. N.D. Miss 2011); *Brown v. Miss. Dep't of Revenue (In re Brown)*, 2011 WL 2160615, at *3 (Bankr. N.D. Miss. 2011); *see also McCoy v. Miss. State Tax Comm'n (In re McCoy)*, 2009 WL 2835258, at *7 (Bankr. S.D. Miss. 2009).

## VIII.

Because a late filed tax return does not meet the definition of "return" for dischargeability purposes, the timeliness of the debtors' 2006 Mississippi tax return is a material fact in determining the dischargeability of the debtors' tax liability. In order to determine whether the tax return was timely filed, the court must first determine when the debtors' 2006 Mississippi tax return was actually filed, as well as, whether the debtors were granted an extension to do so in keeping with customary practices. The Kornegay affidavit sharply disagrees with the affidavits executed by MDR's Lisa Chism and Jan Craig, as well as, the certificate furnished by Commissioner Morgan. The court is definitely concerned about the usual and customary application of the sentence in Miss. Code Ann. § 27-7-50 (Rev. 2010), which provides, "The commissioner may, in his discretion, automatically recognize extensions of time authorized and granted by the Internal Revenue Service for the filing of tax returns." These are genuine issues of material facts that are obviously in dispute between the parties. The court is of the opinion that these issues must be developed through an evidentiary hearing. Therefore, MDR's motion for summary judgment is not well taken and must be overruled.

A separate order will be entered consistent with this opinion.

THIS the 19th day of December, 2011.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE